**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASHLEY BOTELLO, individually, and on behalf of other similarly situated consumers,

*Plaintiff,*

v.

NAVIENT SOLUTIONS, LLC,

*Defendant.*

Civil Action No. 22-5601

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

In this putative class action, Plaintiff alleges that Defendant Navient Solutions, LLC ("Navient" or "Defendant") is improperly allocating student loan repayments to lower, rather than higher, interest accounts to increase its profits. Presently before the Court is Defendant's motion for reconsideration of this Court's March 22, 2023 Opinion and Order (the "March Opinion").[1] D.E. 27. Plaintiff opposed the motion for reconsideration, D.E. 48, and Defendant filed a brief in

---

[1] After filing the instant motion, Defendant also appealed the March Opinion. *See* Notice of Appeal, D.E. 42. Usually, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Federal Rule of Appellate Procedure 4(a)(4), however, provides that a district court retains jurisdiction to decide certain timely-filed, post-judgment motions. *See Kull v. Kutztown Univ. of Pa.*, 543 F. App'x 244, 248 (3d Cir. 2013). The Third Circuit stayed Defendant's appeal because it "appear[ed] that a timely post-decision motion of a type specific in Fed. R. App. P. 4(a)(4)[] is pending" before this Court. *Botello v. Navient Sols., LLC*, No. 23-1744, Stay Order, D.E. 3 (3d Cir. Apr. 26, 2023). Accordingly, this Court assumes that it retains jurisdiction to decide Defendant's motion for reconsideration.

reply, D.E. 51. The Court reviewed the parties' submissions[2] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is **DENIED**.

## I.     BACKGROUND

Defendant has serviced Plaintiff's loans from at least 2006. Compl. ¶ 6.[3] Plaintiff obtained her first student loan through a promissory note she executed in 2005 (the "First Promissory Note"). *See* Iorio Decl., Ex. A. Plaintiff obtained her second student loan with a promissory note she executed in 2006 (the "Second Promissory Note"). *See id.*, Ex. C. The Second Promissory Note contains an arbitration provision. Through this arbitration agreement, either party can require the other party to arbitrate claims that "arise from or relates in any way to the [Second Promissory] Note." *Id.* at § Q.3. The arbitration provision also includes a class action waiver prohibiting either party from participating in a class action or class arbitration to resolve a claim. *Id.* § Q.2.[4] Non-party Navient Credit Finance Corporation is the current owner of both loans and contracted with Defendant to service the loans. Iorio Decl. ¶¶ 9-10, 14, 19-20, 24. As the loan servicer, Defendant sent Plaintiff a monthly account statement that reflected the individual balance of both loans, in addition to the outstanding total for both. *Id.* ¶ 40.

---

[2] The Court refers to Defendant's brief in support of its motion (D.E. 28) as "Def. Br."; Plaintiff's opposition (D.E. 48) as "Plf. Opp."; and Defendant's reply (D.E. 51) as "Def. Reply".

[3] The factual background is taken from Plaintiff's Complaint, D.E. 1-1, and the Declaration of Michelle Iorio ("Iorio Decl.") submitted with Defendant's motion to compel arbitration and its supporting exhibits, D.E. 14.

[4] The arbitration provision also covers several other areas, including a warning as to important waivers, definitions, the location and costs of the arbitration, discovery, and governing law. Iorio Decl., Ex. C at § Q.

Plaintiff alleges that Defendant advised her that she could completely pay off her higher interest rate loan. In response, Plaintiff made an April 2017 payment to Navient for the outstanding amount of the higher interest rate loan, the first loan. Compl. ¶¶ 9-10. Navient, however, applied "the payment to different accounts with lower interest rates" and continues to report an incorrect balance on the higher interest rate loan. *Id.* ¶¶ 11, 14-15. Plaintiff further alleges that Navient failed to conduct a reasonable investigation and correct the error after Plaintiff disputed the balance with credit reporting agencies. *Id.* ¶¶ 15, 17-19. In short, it appears that Plaintiff attempted to fully pay off her first loan, but Navient applied the payment to both loans "consistent with the policy outlined in the Account Statement." Iorio Decl. ¶ 45.

Plaintiff filed her Complaint in New Jersey Superior Court, which Defendant removed to this Court on September 6, 2022. D.E. 1. Navient subsequently filed a motion to compel arbitration and dismiss Plaintiff's class action claims pursuant to the arbitration provision in the Second Promissory Note. Navient also sought to dismiss or stay the matter due to an arbitration clause. D.E. 13. Navient argued that all of Plaintiff's claims are covered by the broad arbitration provision in the Second Promissory Note. This Court denied Navient's motion on March 22, 2023. D.E. 26. Navient subsequently filed the instant motion for reconsideration pursuant to Local Civil Rule 7.1(i). D.E. 27.

## II.   LEGAL STANDARD

In the District of New Jersey, motions for reconsideration of a court's decision on a motion are governed by Local Civil Rule 7.1(i). The rule requires that such motions be made within fourteen days of the entry of an order. Defendant seeks for this Court to reconsider its March 22, 2023 Opinion and Order. Defendant filed its motion for reconsideration on April 4, 2023. D.E. 27. Accordingly, Defendant's motion is timely.

Substantively, a motion for reconsideration is viable when one of three scenarios is present: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Granting a motion for reconsideration is an "extraordinary remedy" to be approved "sparingly." *NL Indus., Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) (citations omitted). Moreover, a motion for reconsideration does not entitle a party to a second bite at the apple. Therefore, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling or simply wishes to re-argue its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Finally, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001).

Here, Defendant maintains that reconsideration is necessary to correct a clear error of law. Def. Br. at 1. To prevail under this prong, Navient "must show that 'dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered.'" *Mason v. Sebelius*, No. 11-2370, 2012 WL 3133801, at *2 (D.N.J. July 32, 2012) (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)).

## III. ANALYSIS

Although neither party provided a substantive choice of law analysis, the Court relied on Navient's representation that Utah law applied to the underlying motion to compel arbitration. March Opinion at 6-7 ("Seeing no clear reason to deviate from the parties, the Court applies Utah law to determine whether Plaintiff's claims fall within the scope of the arbitration provision in the

4

Second Promissory Note."). This Court then determined that under Utah law, the parties entered into a valid arbitration agreement in the Second Promissory Note but that Plaintiff's claims did not fall within the scope of that agreement. *Id.* at 7-11. Navient does not take issue with the Court's application of Utah law, its overarching explanation of when to compel arbitration pursuant to Utah law, or its conclusion that the Second Promissory Note contains a valid arbitration agreement. Navient's sole basis for reconsideration is that the Court construed the scope of the arbitration provision in the Second Promissory Note too narrowly. Def. Br. at 6-10.

Specifically, Navient maintains that this Court erred by citing to *Delta Stone Products, Inc. v. Eurostone Machine USA, Inc.*. No.17-5186369, 2017 WL 5186369 (D. Utah Nov. 8, 2017).[5] *See* Def. Br. at 6 ("The Court cited an unpublished and never previously cited federal court decision[.]"). But despite arguing that Utah law governed and having the burden to establish the basis to compel arbitration, Navient failed to cite any cases addressing how to construe the scope of arbitration provisions under Utah law in its briefing for the underlying motion. As a result, the Court conducted its own research. Thus, while Navient is correct that it did not have a full opportunity to respond to the cases that this Court relied upon, this occurred because Navient failed to supply a sufficient legal analysis in its moving papers.

In addition, Navient now cites to a single Tenth Circuit case, *Shell Oil Co. v. CO2 Committee, Inc.*, 589 F.3d 1105 (10th Cir. 2009), and argues that it is the "leading case on the

---

[5] In *Delta Stone*, the court explained that under Utah and South Carolina law, broad arbitration clauses "apply to disputes in which a significant relationship exists between the asserted claims and the contract in which the arbitration clause is contained." *Delta Stone Prods., Inc.*, 2017 WL 5186369, at *3. The *Delta Stone* court did not engage in a choice of law analysis because "Utah and South Carolina law are substantively the same on the issues before the Court." *Id.* at *1.

scope" of the test this Court should have applied.[6]  Def. Br. at 10.  But again, Navient had to burden to establish the basis to compel arbitration.  *Shell Oil* is almost fifteen years old and there is no reason why Navient was unable to cite the case in the underlying motion.

Again, a motion for reconsideration is inappropriate when a party merely disagrees with a court's ruling and is not an opportunity to raise matters that could have been raised before the original decision was reached.  *Bowers*, 130 F. Supp. 2d at 613; *Sch. Specialty, Inc.*, 2015 WL 4602995, at *2-3.  That is precisely what Navient is doing here.  Moreover, while Navient frames its dispute as this Court's incorrect use of a test, Navient ultimately disagrees with the Court's conclusion that Plaintiff's claims only implicate the first loan.  Navient masks its attempt to re-argue the motion by citing to case law that it could have previously relied upon but did not.  Therefore, reconsideration is inappropriate.[7]

---

[6] In *Shell Oil*, the Tenth Circuit reviewed a decision from the District of New Mexico addressing whether a new or the original arbitration panel should review a *res judicata* defense.  *Shell Oil Co.*, 589 F.3d at 1106.  Navient relies on the following language to demonstrate that the "any relationship" test applies:

> As the district court implicitly recognized, these provisions unambiguously reflect the parties' intent that "*any and all* disputes, disagreements, and claims" arising out of the class settlement agreement are arbitrable.  Such broad and expansive language clearly encompasses not only the merits of a substantive arbitration complaint but also the applicability of various defenses to such a complaint.

*Id.*  But the court in the District of New Mexico did not explicitly address the scope of the arbitration clause at issue.  Further, there is no indication, from the District of New Mexico or the Tenth Circuit, that Utah law applied to the arbitration clause at issue.  Finally, no Utah court has cited *Shell Oil* since it was decided in 2009.

[7] Even if the Court were to reconsider its prior decision, it still concludes that Plaintiff's claim do not implicate the Second Promissory Note.  As this Court explained, Plaintiff's claims "turn on the terms of the First Promissory Note, what was said during Plaintiff's communications about paying off the first loan, and Plaintiff's actions thereafter (*i.e.*, whether Plaintiff correctly paid off

### IV. CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 15th day of June, 2023

**ORDERED** that Defendant's motion for reconsideration, D.E. 27, is **DENIED**.

John Michael Vazquez, U.S.D.J.

---

the first loan)." March Opinion at 10. Consequently, Plaintiff's claims arise from the First Promissory Note. Moreover, the Second Promissory Note only comes into play if Navient's position that Plaintiff failed to pay properly pay off her loans is correct. If that is the case, Plaintiff's claims fail, and the Court would not need to address the terms of the Second Promissory Note. Accordingly, the only way that Plaintiff's claims relate to the Second Promissory Note is if judgment is granted for Navient. Navient also relies on joint account statements that Plaintiff received to demonstrate that Plaintiff's claims have a relationship to the Second Promissory Note. Def. Br. at 9. But Plaintiff pleads that she decided to pay off the first loan because of communications with Defendant's representative. Compl. ¶¶ 9-10. There is no indication that the joint account statements impacted Plaintiff's decision.